## Case No. 7,376.

JOHNSON et al. v. BYRD.

[Hempst. 434.] [1]

Circuit Court, D. Arkansas. June. 1841.

Chester Ashley and George C. Watkins, for plaintiffs.

F. W. Trapnall and John W. Cocke, for defendant.

JOHNSON, District Judge. This is an action of assumpsit brought by the plaintiffs against the defendant upon two promissory notes, signed by "R. C. Byrd & Co.;" the plaintiffs averring that the company consisted of the defendant and one Sterling H. Tucker. A plea in abatement has been filed by the defendant for the non-joinder of Sterling H. Tucker, averring that he is living and resident within this state. The plaintiffs have demurred to this plea, and the sole question is, Can this action be maintained against the defendant alone? According to the principles of the common law the plaintiff is compellable to sue all the partners upon a note executed in the name of the copartnership, and cannot maintain it against a part of them only, if others are living. 7 Term R. 253; 1 H. Bl. 236. But a statute of this State has changed the com-

[1] [Reported by Samuel H. Hempstead, Esq.]

mon law upon that subject. Two provisions, incompatible it is true, are contained in the Revised Statutes. Under the title of "Practice at Law" (section 64), the following provision will be found: "Every person who may have cause of action against several persons, and entitled by law to but one satisfaction therefor, may bring suit jointly against all, or as many of them as he may think proper." This act is approved December 18, 1837. Under the title "Abatement" (section 3), will be found the following provision: "When one or more of the partners of any company or association of individuals, shall be sued, and the person or persons so sued shall plead in abatement, that all the parties are not joined in the suit, such suit for that cause shall not abate, if the plaintiff forthwith sue out a summons against the other partners named in such plea, and on the return of such summons, the names of the other partners named in such plea may be inserted in the declaration, and the suit shall proceed in other respects thereafter as if the partner named in such plea had been included in the original suit." Rev. St. 58. This act was approved December 9th, 1837. That there is an incongruity and incompatibility in the provisions just recited, seems to me manifestly clear. One declares that any person who may have cause of action against several persons and entitled to but one satisfaction, may bring suit jointly against all, or as many of them as he may think proper. The other provides, that when one partner of a company shall be sued, he may, by plea in abatement, compel the plaintiff to join the other partners in the suit, and upon his failure to do so, his suit shall be abated. By one enactment of the legislature the plaintiff on a joint cause of action is permitted to sue all or as many as he may think proper. By the other he is compellable to sue all the joint contractors. These provisions, in my judgment, cannot stand together. They are repugnant and inconsistent, one with the other. If by one enactment the plaintiff has a right to sue one only of several joint contractors, can it be affirmed to be consistent and compatible with the right to allow the defendant to meet him with a plea in abatement for his failure to do that which by law he was not bound to do?

If the plaintiff is permitted by law to sue one joint contractor, the defendant surely cannot, by the same law, be permitted to defeat his action, because he refuses to sue all joint contractors. In this repugnancy between the two enactments, one must yield to the other, as they cannot both stand and be reconciled. It is a well-settled principle that between repugnant and inconsistent enactments the latter law repeals the former. The provision conferring the right to sue one joint contractor was approved subsequently to the provision giving the right to one partner, if sued alone, to plead it in abatement. The latter, therefore, is impliedly repealed by the former. The demurrer is sustained.